**AMERICAN SMELTING & REFINING CO.**
**v. MALOY et al.**
**No. 13738.**

United States Court of Appeals
Fifth Circuit.

July 31, 1952.

Rehearing Denied Sept. 18, 1952.

See 199 F.2d 52.

James Goggin, El Paso, Tex., R. Worth Vaughan, New York City, for appellant.

Carroll W. Smith, El Paso, Tex., Wayne C. Whatley, LeFal E. Oman, William Byron Darden, Las Cruces, N. M., Claude Williams, Dallas, Tex., Ernest Guinn, Eugene T. Edwards, J. L. Rasberry, El Paso, Tex., for appellees.

Before HOLMES, BORAH and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This action was brought against American Smelting and Refining Company for damages for the death of Percy J. Maloy as a result of injuries received while working as an electrician at defendant's plant. The complaint alleges that Maloy, at the time he received his fatal injuries, was employed by Bauman Electric Company and engaged in work on a trolley cable at the defendant's plant; that Maloy's death was due to negligence of the defendant.

Defendant, in answer, averred that at the time Maloy received his fatal injuries, he occupied the status of a loaned or special employee of the defendant, with the result that plaintiffs' sole remedy was under the Workmen's Compensation Act of Texas, Vernon's Ann.Civ.St. art. 8306 et seq. The Bauman Electric Company was interpleaded as third party defendant.

Bauman Electric Company likewise contended that, while it was the general em-

ployer, at the time of the fatal accident Maloy had actually been loaned to the defendant; that plaintiff's exclusive remedy was against the defendant under the Workmen's Compensation Act of Texas.

Lumbermen's Mutual Casualty Company, the Workmen's Compensation insurance carrier for Bauman Electric Company, intervened and alleged that in reliance on representations made to it by its insured, it had paid certain sums to plaintiff, Mrs. Rufina Maloy, by way of compensation and in reimbursement of medical expenses of the deceased Maloy and sought the recovery of such sums.

At the conclusion of the evidence, defendant, American Smelting and Refining Company, moved for an instructed verdict on the ground that at the time of the fatal accident the evidence showed that the deceased Maloy occupied the status of a borrowed or loaned employee, with the result that plaintiffs were confined to their remedy under the Workmen's Compensation Act. The motion was overruled by the court, whereupon defendant requested a special charge and issue to be given to the jury defining for the jury the difference between a general employee and a loaned or borrowed employee, and further charging that if the jury found from a preponderance of the evidence that Maloy was a loaned or borrowed employee of defendant at the time of the accident, it should find for the defendant. Specifically, the charge and issue requested read as follows:

"Gentlemen of the Jury:

"An employee in the general employment of one person may be temporarily lent to another and whether there has been such lending depends upon an agreement between the lending employer and the borrowing employer and agreed to by the employee. The responsible employer is the one in whom the right of control is lodged at the time of the accident; that is the right to direct not merely the end sought to be accomplished but as well the means and details of its accomplishment; not only what is to be done but how it is to be done. A servant or employee of one person may by agreement or by submitting himself to the direction and control of another for a particular task become the temporary servant or employee of the latter.

"Now bearing the above and foregoing definition in mind, you will answer the following Special Issue:

*　　*　　*　　*　　*　　*

"Do you find from a preponderance of the evidence that the deceased, Percy J. Maloy, was a special employee of the American Smelting and Refining Company at that time of the accident involved in this case?

"Answer 'Yes' or 'No'."

While the court in its charge did instruct the jury in accordance with the definition of a loaned or borrowed employee as offered by defendant, it submitted the issue as follows:

"Do you find from a preponderance of the evidence that the deceased Percy J. Maloy was an employee of the Bauman Electric & Neon Company at the time of the accident involved in this case? Answer 'Yes' or 'No'."

The record discloses the following objection to the form of the question or issue:

"Defendant American Smelting and Refining Company objects and excepts to the question or issue submitted by the Court as the same in no way submits the defendant's defense of loaned employee, and is further confusing in that the jury could answer such issue in the affirmative on the ground that Maloy was a general or regular employee of the Bauman Electric & Neon Company, Inc. without in any way answering the issue on the Smelter's defense that on the occasion in question Maloy was a loaned employee, in the employment at such time of the defendant American Smelting and Refining Company.

"Defendant further objects and excepts for the reason that it affirmatively pleaded the issue of borrowed or special employee and it is entitled

208

to have that issue affirmatively submitted to the jury. It is the converse of the issue of whether or not the deceased was the employee of Bauman Electric & Neon Company, Inc., and the defendant is entitled to have its theory submitted for a finding, and the defendant excepts to the charge of the Court because it has failed to submit that issue to the jury affirmatively.

"The defendant further objects and excepts to the general charge as submitted to the jury in that it in no way instructs the jury that in the event that the deceased, Percy J. Maloy, on the occasion in question was a loaned employee of the defendant American Smelting and Refining Company, that it should return a verdict for the defendant American Smelting and Refining Company."

Appellees contend that the issue of whether Maloy was an employee of Bauman Electric Company or defendant at the time of the accident was a disputed question of fact under all the circumstances of the case; that the trial court properly submitted this issue to the jury under the charge given, and the jury having found that Maloy was an employee of Bauman Electric Company the verdict against defendant must stand.

We think that the charge and issue as requested by the appellant should have been given, or that in some other way the issue should have been clearly and fairly submitted to the jury. The disputed and controlling issue in this case was not whether Maloy was an employee of Bauman Electric Company at the time of the accident, but whether, notwithstanding that general employment, Maloy had been effectively loaned to defendant at the time of the accident in such manner as to render defendant his responsible employer. Here, it was conceded by all parties that at the time of the accident Maloy was generally employed by Bauman Electric Company. The issue as submitted to the jury by the court could well have been answered in the affirmative upon the basis of that general employment. Under such circumstances, and in view of the conflicting

testimony, appellant was entitled to have this issue fairly submitted for determination by the jury. See Standard Oil Company v. Anderson, 212 U.S. 215, 29 S.Ct. 252, 53 L.Ed. 480; Skelly Oil Company v. Amacker, 5 Cir., 140 F.2d 21, 23.

The judgment is therefore reversed and the cause remanded for a new trial.

Reversed and remanded.